THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERICA BLOOM SIMCHON, ISSAC
SIMCHON, NICHOLAS PADULA,
ALIZA SEIBERT, and ANDREW
SIEBERT, on behalf of themselves
and others similarly situated

   Plaintiffs,

v.          3:15-CV-01434
            (JUDGE MARIANI)

HIGHGATE HOTELS, LP,
COVE HAVEN, INC., and
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.,

   Defendants.

FILED
SCRANTON
NOV 0 7 2016
Per_____
DEPUTY CLERK

## ORDER

The background of this Order is as follows: on September 13, 2016, Magistrate Judge Carlson issued a Report and Recommendation in which he recommends that this Court grant in part and deny in part the Defendants' Motions to Dismiss. (Doc. 61). Defendants Highgate Hotels, L.P., Cove Haven, Inc. and Starwood Hotels & Resorts Worldwide, Inc. have filed Objections to the Report and Recommendation. (Docs. 62, 63).

Defendants Highgate Hotels, L.P. and Cove Haven, Inc. "do not object to the Report overall and specifically do not object to the Report's recommendation that (1) The claims made by the Simchon plaintiffs under New York General Business Law Section 349 should be DISMISSED as time-barred, and (2) . . . Defendant Highgate may not be held liable for any claims brought by the plaintiffs' which pre-date its acquisition of these properties in

2012." (Doc. 62, at 2). Nevertheless, Defendants Highgate Hotels L.P. and Cove Haven, Inc. "object to those portions of the Report which conclude that the Amended Complaint (1) adequately states civil RICO and common law fraud claims . . . (2) adequately states a claim under Pennsylvania Unfair Trade Practices and Consumer Protection Law . . . (3) sufficiently pleads the substantive elements of a statutory claim under New York General Business Law Section 349 . . . and (4) states a claim for unjust enrichment." (*Id.* at 2-3).

Defendant Starwood Hotels & Resorts Worldwide, Inc.'s partial objection takes issue with the Magistrate Judge's recommendation that the Court deny Defendant's Motion to Dismiss Plaintiffs' claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (Doc. 63, at 1-2). Specifically, "Starwood objects to Section II.D of the Report and Recommendation ('The Amended Complaint Adequately States a Claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. §201-1 (UTPCPL))'" (*Id.*). According to Starwood, "because the Simchon Plaintiffs and the Seibert Plaintiffs were not Pennsylvania residents, and the UTPCPL only provides redress for plaintiffs who reside in Pennsylvania," those claims must be dismissed. (*Id.* at 2). Moreover, Starwood maintains that "case law in Pennsylvania, as well as the underlying purpose of consumer protection law generally, support dismissal of the UTPCPL claims for Plaintiffs Simchons and Plaintiffs Seiberts, who are not Pennsylvania residents, and all non-Pennsylvania putative class members. Thus, the District Court should reject Section II.D of the Report and Recommendation." (*Id.*).

2

**AND NOW, THIS _____ DAY OF NOVEMBER, 2016**, upon *de novo* consideration of Magistrate Judge Carlson's Report and Recommendation, (Doc. 61), **IT IS HEREBY ORDERED THAT**:

1. Defendants Highgate Hotels, L.P. and Cove Haven, Inc.'s Objections, (Doc. 62), are **OVERRULED IN PART AND SUSTAINED IN PART**. Specifically, the Court disagrees with the Magistrate Judge's conclusion that the economic loss doctrine does not bar Plaintiff's claims for common law fraud and under the UTPCPL. Although the Pennsylvania Supreme Court has yet to address this issue, the Third Circuit has, and concluded that the doctrine bars claims in circumstances similar to those present here. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002); *see also Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140 (3d Cir. 2013). "[W]hen the alleged deceptive conduct is clearly interwoven with the contract, and the plaintiff seeks damages that flow from the contract, a UPTCPL claim cannot be brought." *Fleisher v. Fiber Composites*, Civil Action No. 12-1326, 2012 WL 5381381, at *9 (E.D. Pa. Nov. 2, 2012). The Court thus agrees with Defendants that "the economic loss doctrine bars Plaintiffs' UTPCPL [claim] because (1) the parties entered into contracts to reserve Hotel rooms; (2) the allegedly deceptive conduct is interwoven with those contracts; and (3) Plaintiffs seek damages flowing from those contracts." (Doc. 62, at 11). For similar reasons, the Court concludes that Plaintiffs' common law fraud claims

must be also dismissed. See *Werwinski*, 286 F.3d at 681. In addition, the Court agrees with the Defendants, that because the relationship between the parties is governed by contract, Plaintiffs' unjust enrichment claims must be also dismissed. See *Rahemtulla v. Hassam*, 539 F. Supp. 2d 755, 780 (M.D. Pa. 2008) ("It is well settled, however, that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon written agreements, no matter how harsh the provisions of such contract may seem in the light of subsequent happenings.") (internal citation and quotation marks omitted). Defendants' Objection will be overruled in all other respects.

2. Defendant Starwood Hotels & Resorts Worldwide, Inc.'s Partial Objection, (Doc. 63), is **OVERRULED IN PART AND SUSTAINED IN PART.** The Court disagrees with Starwood's assertion that Pennsylvania's UTPCPL only applies to Pennsylvania residents. See *Mikola v. Penn Lyon Homes, Inc.*, No. 4:CV-07-0612, 2008 WL 2357688, at *3 (M.D. Pa. June 4, 2008) (rejecting argument that UTPCPL applies only to in-state residents and concluding that "declining to provide protection of UTPCPL to individuals who are not residents of the state, but nevertheless engaged in a large transaction entirely within the state, would invite fraud upon non residents engaged in transactions within the state. . . . Therefore, despite the fact that plaintiffs were not residents of Pennsylvania, we nevertheless find that their allegations establish that they were engaged in a

transaction within the state and therefore entitled to the protection of the UTPCPL."). Nevertheless, as discussed above, the Court finds that Plaintiffs' UTPCPL claim to be barred by the economic loss doctrine.

3. The Report and Recommendation, (Doc. 61), is **ADOPTED IN PART AND OVERRULED IN PART**.

4. Defendant Starwood's Motion to Dismiss, (Doc. 19), is **GRANTED IN PART AND DENIED IN PART**. Specifically, the claims made by the Simchon Plaintiffs under New York General Business Law Section 349 are **DISMISSED WITH PREJUDICE**. Plaintiffs' common law fraud claim, unjust enrichment claim, and claim under the UTPCPL are **DISMISSED WITH PREJUDICE**. Moreover, Defendant Starwood is entitled to dismissal of any claims against it relating to conduct occurring after 2012. In all other respects, Defendant Starwood's Motion to Dismiss is **DENIED**.

5. Defendants Highgate Hotels L.P. and Cove Haven Inc.'s Motion to Dismiss, (Doc. 21), is **GRANTED IN PART AND DENIED IN PART**. Specifically, the claims made by the Simchon Plaintiffs under New York General Business Law Section 349 are **DISMISSED WITH PREJUDICE**. Plaintiffs' common law fraud claim, unjust enrichment claim, and claim under the UTPCPL are **DISMISSED WITH PREJUDICE**. Moreover, Defendant Highgate Hotels L.P. may not be held liable for any claims brought by Plaintiffs which pre-date its acquisition of these

properties in 2012. In all other respects, Defendants Highgate Hotels L.P. and Cove Haven Inc.'s Motion to Dismiss is **DENIED**.

Robert D. Mariani
United States District Judge