THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA BLOOM SIMCHON, ISSAC SIMCHON, NICHOLAS PADULA, ALIZA SEIBERT, and ANDREW SIEBERT, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HIGHGATE HOTELS, LP, COVE HAVEN, INC., and STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,<br><br>Defendants. | 3:15-CV-01434<br>(JUDGE MARIANI) |

## ORDER

AND NOW, THIS 10th DAY OF JANUARY, 2018, upon *de novo* review of Magistrate Judge Carlson's Report & Recommendation ("R&R") (Doc. 87), Defendant Starwood Hotels & Resorts Worldwide ("Starwood")'s Objections thereto (Doc. 88), Plaintiffs' Response to the Objections (Doc. 90), Starwood's Reply to Plaintiffs' response (Doc. 91), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The Report & Recommendation (Doc. 87) is **ADOPTED**, for the reasons discussed therein.

2. Defendant Starwood's Objections (Doc. 88) are **OVERRULED**. With respect to Starwood's argument that the RICO claim is "at its core, a breach of contract claim," (Doc. 88-1, at 6), that argument is unpersuasive. While it is true that this

Court's previous Order stated that "the relationship between the parties is governed by contract," that statement was made in the context of analyzing Plaintiffs' Pennsylvania's Unfair Trade Practices and Consumer Protection Law claim and unjust enrichment claim. (Doc. 67, at 4). Furthermore, Starwood essentially argues that by the mere fact that the parties have "a relationship governed by contract," Plaintiffs are foreclosed from bringing "a cognizable RICO claim." (Doc. 88-1, at 9-10). The Court disagrees. The Magistrate Judge correctly found that the mere existence of a contractual relationship between the parties does not preclude a RICO claim, and that this Court has already adopted the Magistrate Judge's previous finding that the allegations of fraud "were made with sufficient particularity ... to make out a fraud claim actionable via a civil RICO complaint." (R&R, at 9-12). With respect to Starwood's objection that Plaintiffs failed to allege the requisite "enterprise" element, the Court agrees with the Magistrate Judge that the element is met as the allegations suggest that Defendants "successively engaged in the same fraudulent billing scheme." (*Id.* at 14). However, the Court agrees with the Magistrate Judge that a more definite statement pursuant to Fed. R. Civ. P. 12(e) by the Plaintiffs would help clarify the precise nature of their claim.

3. Defendant Starwood's Motion for Judgment on the Pleadings, (Doc. 72), is **DENIED**.

4. Plaintiffs are **DIRECTED** to file a more definite statement pursuant to Fed. R. Civ. P. 12(e) to clarify the nature of their RICO claim as asserted against each of the named Defendants, and the nature of the alleged enterprise at issue.

Robert D. Mariani
United States District Judge